**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SRI ENDANG; HERMAN SUHENDRA, Petitioners, v. ERIC H. HOLDER, Jr., Attorney General, Respondent. | No. 08-72228 Agency Nos. A096-048-710 A096-048-711 MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 8, 2011[**]

Before:     FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

Sri Endang and Herman Suhendra, natives and citizens of Indonesia, petition

for review of the Board of Immigration Appeals' ("BIA") orders upholding an

immigration judge's denial of their claims for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Husyev v. Mukasey*, 528 F.3d 1172, 1177 (9th Cir. 2008). We deny the petition for review.

We lack jurisdiction to consider Endang's claim for humanitarian relief because she did not raise this issue to the BIA. *See Barron v. Ashcroft*, 358 F.3rd 674, 678 (9th Cir. 2004) (no jurisdiction over claims not presented below). She does not otherwise challenge the agency's denial of asylum.

With respect to Endang, substantial evidence supports the agency's determination that she was not credible given her inconsistent statements regarding whether she was raped. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir. 2000). Endang's contention that the agency failed to provide an opportunity to explain perceived inconsistencies in her testimony about the alleged rape is belied by the record. Accordingly, in the absence of credible testimony, Endang's claim for withholding of removal fails.

With respect to Suhendra, substantial evidence supports the agency's determination that he failed to carry his burden of proof that he suffered past persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1059-60 (9th Cir. 2009) (beatings and robberies of petitioner and harms to petitioner's associates that were not part of a pattern of persecution closely tied to petitioner did not compel a

finding of past persecution). As Suhendra has not established past persecution, he is not entitled to a presumption of future persecution, *see* 8 C.F.R. § 1208.16(b)(1)(i), and he does not otherwise contend he has shown a clear probability of persecution. Accordingly, we deny the petition as to Suhendra's withholding of removal claim.

Finally, substantial evidence supports the agency's denial of CAT relief as to both petitioners because they failed to establish it is more likely than not they would be tortured if removed to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**

08-72228